## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZEINA BLACK, | : | No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DUBLIN EMS, LLC and JASON COE, | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes the Plaintiff, Zeina Black, by and through the undersigned counsel, and submits the following complaint against the Defendants, Dublin EMS, LLC and Jason Coe, and in support thereof states as follows:

### The Parties

1.     The Plaintiff, Zeina Black ("Ms. Black") is an adult individual residing at 83 McIntosh Lane, Aspers, Pennsylvania 17304.

2.     The Defendant, Dublin EMS, LLC ("Dublin"), is a Pennsylvania corporation with a principal place of business located at P.O. Box 432, Jonestown, Pennsylvania 17038.

3.     The Defendant, Jason Coe ("Mr. Coe") is an adult individual residing at P.O. Box 432 Jonestown, Pennsylvania 17038.  At all relevant times, Mr. Coe was

the owner and operator of Dublin, was Ms. Black's supervisor, and had the power to alter the conditions of her employment.

## Jurisdiction and Venue

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 based upon the presence of a federal question involving Title VII of the Civil Rights Act of 1964.

5.      Jurisdiction over pendant state claims is proper pursuant to 28 U.S.C. § 1367.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) based upon the facts that the Plaintiff and the Defendants reside or are located within this District, and all relevant transaction, events and/or occurrences took place in this District.

## The Facts

7.      At all relevant times, Ms. Black was hired by Dublin as an Emergency Medical Technician ("EMT").

8.      Ms. Black entered into an employment contract with Dublin.

9.      The contract provided that employees would be offered health benefits and that if an employee chose to enroll in a health plan not offered by Dublin, Dublin would compensate the employee $540.00/month.

10.     Employees were to be offered health coverage as a benefit of their employment.

11.    At all times, Ms. Black was eligible and qualified for health benefits through Dublin.

12.    Despite the aforementioned eligibility, Ms. Black was neither offered health care coverage through Dublin, nor was she compensated $540.00/month as stated in her contract.

13.    Upon information and belief, males employed by Dublin were offered health care coverage and/or compensated $540.00/month, as provided for in Dublin's standard contract.

14.    Furthermore, upon information and belief, males employed by Dublin were offered a $1,500.00 "moving bonus" if they moved closer to the Dublin EMS station.

15.    Dublin did not offer Ms. Black such a bonus, and, upon information and belief, Dublin did not offer such a bonus to female employees.

16.    During the course of her employment with Dublin, Mr. Coe sexually harassed Ms. Black and made derogatory comments about women, such that he created a hostile work environment.

17.    The sexually hostile work environment was not limited to derogatory comments, but including derogatory statements and other offensive conduct, which included, but was not limited to:

a. Mr. Coe crawling into bed bunks (which are maintained at Dublin so that EMTs can rest while working overnight shifts) with female employees and attempting to kiss them;

b. Mr. Coe persistently asking Ms. Black out on dates;

c. Mr. Coe persistently asking other Dublin employees whether Ms. Black and other female employees were single and/or available for dating;

d. Mr. Coe accusing Ms. Black and other female workers of chasing "firefighter cock;"

e. Mr. Coe attempting to undue a female co-worker's belt;

f. Mr. Coe stating that he wished he did not have to employ women because they are too expensive to insure because of all the "female" issues they experience—i.e. gynecological issues, pregnancy, etc.;

g. Ms. Coe stating that women cause too much trouble and cannot be trusted;

h. Mr. Coe terminating a female coworker because she had three children and he felt that she could not be a mother and hold down a job; and

i. Mr. Coe stating to a male co-worker that he wanted to fire Ms. Black but could not find a legitimate reason to do so.

18. Ms. Black rebuffed Mr. Coe's sexual advances, the last of which occurred on or about November 16, 2013.

4

19.     After rejecting Mr. Coe's sexual advances, it is believed and therefore averred that Ms. Black was denied scheduled overtime hours that she normally would have worked.

20.     It is believed and therefore averred that after rejecting Mr. Coe's sexual advances, Ms. Black worked unscheduled overtime hours and was not paid for them.

## COUNT I
## DISCRIMINATION, RETALIATION, AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

21.     Paragraphs 1 through 20, above, are fully incorporated by reference.

22.     Upon information and belief, Dublin and Mr. Coe employed at least fifteen (15) employees at all relevant times, and satisfies the definition of an "employer" under Title VII in all other material respects.

23.     Ms. Black satisfies the definition of an employee under Title VII in all material respects.

24.     Ms. Black is a woman and as such is a member of a class protected under Title VII from unlawful discrimination due to gender.

25.     It is believed, and therefore averred, that Ms. Black was the subject of unlawful gender-based discrimination when she was not offered health insurance or the $540.00 monthly stipend referenced above, when males were offered health insurance and/or the monthly stipend.

26.    It is believed, and therefore averred, that Ms. Black was the subject of unlawful gender based discrimination when she was not offered the $1,500.00 "moving bonus" when male individuals were offered the "moving bonus."

27.    It is believed, and therefore averred, that Ms. Black was the subject of unlawful gender based discrimination when she was not offered overtime hours.

28.    It is believed, and therefore averred, that Ms. Black was the subject of unlawful gender based discrimination when she was not compensated for unscheduled overtime hours that she worked.

29.    It is believed and therefore averred that Dublin and Mr. Coe engaged in a persistent pattern of severe and pervasive harassment, by, among other things, making sexually based and inappropriate statements about women and by making inappropriate sexual advances towards women, including Ms. Black, while at work.

30.    Ms. Black did not welcome the aforementioned inappropriate comments or sexual advances and in fact opposed them in November 2013.

31.    The Defendants were notified of the inappropriate comments and failed to conduct an appropriate investigation and failed to take appropriate remedial measures.

32.    Mr. Coe had the power to alter Ms. Black's terms and conditions of employment.

33.     The Defendants' conduct adversely affected Ms. Black's psychological well-being, and the hostile work environment caused her to quit her employment, which qualified as a constructive discharge.

34.     The harassment to which Ms. Black was subjected would affect the psychological well-being of a reasonable female, and would have caused a reasonable female to quit her employment.

35.     It is believed, and therefore averred, that Ms. Black was the subject of unlawful retaliation when she was not offered the aforementioned overtime hours.

36.     It is believed, and therefore averred, that Ms. Black was the subject of unlawful retaliation when she was not compensated for the aforementioned unscheduled overtime hours that she worked.

37.     The Defendants subjected Ms. Black to a hostile work environment in violation of Title VII.

38.     The Defendants subjected Ms. Black to unlawful discrimination and retaliation in violation of Title VII.

39.     It is believed and therefore averred that Defendants acted with malice, deliberate indifference, and reckless disregard of Ms. Black's civil rights and physical and emotion well-being.

40.     It is believed and therefore averred that because of Defendants' unlawful acts, Ms. Black has suffered damages in the form of, *inter alia*, loss of past

wages and compensation, mental and emotional damages, humiliation, and loss of enjoyment of life.

41.    As a result of Defendant's illegal conduct, Ms. Black suffered loss of wages/earnings, loss of employment benefits, emotional pain and suffering, emotional distress, and humiliation.

42.    Ms. Black as satisfied all conditions precedent to filing a Title VII claim. *See* **Exhibit A, EEOC Right to Sue Letter.**

WHEREFORE, the Plaintiff, Zeina Black, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants, Dublin EMS, LLC and Jason Coe, together with compensatory damages, pain and suffering, punitive damages, reasonable attorney fees and costs, and all other relief available under law that this Court deems equitable and just.

## COUNT II
## DISCRIMINATION, RETALIATION, AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE PENNSYLVNAIA HUMAN RELATIONS ACT

43.    Paragraphs 1 through 42, above, are fully incorporated by reference.

44.    Upon information and belief, Dublin and Mr. Coe employed at least fifteen (15) employees at all relevant times, and satisfies the definition of an "employer" under the PHRA in all other material respects.

45.    Ms. Black satisfies the definition of an employee under the PHRA in all material respects.

46.     Ms. Black is a woman and as such is a member of a class protected under the PHRA from unlawful discrimination due to gender.

47.     The conduct of Defendants, described above, constitutes violations of the PHRA.

48.     The conduct of Defendants, described above, has caused Ms. Black a loss of wages/earnings, loss of employment benefits, emotional pain and suffering, emotional distress, and humiliation.

49.     It is believed and therefore averred that Defendants acted with malice, deliberate indifference, and reckless disregard of Ms. Black's civil rights and physical and emotion well-being.

50.     Ms. Black as satisfied all conditions precedent to filing a PHRA claim. *See* **Exhibit B, EEOC Right to Sue Letter.**

WHEREFORE, the Plaintiff, Zeina Black, respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants, Dublin EMS, LLC and Jason Coe, together with compensatory damages, pain and suffering, punitive damages, reasonable attorney fees and costs, and all other relief available under law that this Court deems equitable and just.

RESPECTFULLY SUBMITTED,

FANELLI, EVANS & PATEL, P.C.

By:    /s/ ERIC M. PROCK
       Eric M. Prock, Esq.
       Attorney I.D. No. 208315
       The Necho Allen
       1 Mahantongo Street
       Pottsville, PA 17901
       (P) 570-622-2455
       (F) 570-622-5336
       eprock@feplawyers.com
       *Counsel for Plaintiff*