UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ZEINA BLACK,                              :
      Plaintiff                        :
                                       :
    v.                                   :   CASE NO. 1:16-CV-1340
                                       :
DUBLIN EMS, LLC and JASON COE,           :
      Defendants                       :


*M E M O R A N D U M*

I.      *Introduction*

      Before this court is Plaintiff Zeina Black's "Renewed Motion for Alternative Service by Publication." (Doc. 13). For the reasons that follow, we will deny Plaintiff's motion, but grant a forty-five day extension of time to attempt service by sheriff as required by Pennsylvania Rule of Civil Procedure 400(a).

II.     *Background*

      On June 30, 2016, Plaintiff initiated this action by filing a complaint against Defendants Jason Coe and Dublin EMS, LLC (Dublin EMS) alleging claims of retaliation, employment discrimination, and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. (Doc. 1 at 5, 8). According to the complaint, Coe was the owner of Dublin EMS and was Plaintiff's supervisor during her employment as an Emergency Medical Technician. (Id. at 1-2).

      On September 26, 2016, Plaintiff filed a letter with this court indicating that she was experiencing difficulties serving Defendants and requesting a thirty-day extension of time to explore alternative means of service. (Doc. 4). The following day, this court granted Plaintiff an additional forty-five days to serve Defendants. (Doc. 5). On

November 11, 2016, Plaintiff filed a second letter informing this court of her continued difficulties and again requesting an additional forty-five days to serve Defendants. (Doc. 6). This court granted Plaintiff a second extension of time to achieve service. (Doc. 7). However, Plaintiff was again unsuccessful in serving Defendants, and, on December 29, 2016, she filed a "Motion for Alternative Service by Publication." (Doc. 8).

On January 19, 2017, this court denied the motion and explained that Plaintiff did not demonstrate sufficient practical efforts to serve Defendants pursuant to the Pennsylvania Rules of Civil Procedure. (Doc. 12 at 3). In that order, we explained that "[a]lternative service is only permissible when service 'cannot be made' under the applicable rule of civil procedure," and we concluded that, although it appeared that Plaintiff located Defendants and attempted service via mail, it did not appear that she had "attempted to serve Defendants in person." (*Id.* at 2-3). We then granted Plaintiff an additional forty-five days to serve Defendants. (*Id.*)

Following our order, Plaintiff again attempted to serve Defendants without success. (Doc. 13 at 3). On March 6, 2017, she filed the instant renewed motion for alternative service by publication. (Doc. 13). In her motion, Plaintiff details her previous and continued efforts to serve Defendants over the last nine months, and supports her claims with sixty-four pages of exhibits. (*Id.*) Those exhibits establish the following.

On July 11, 2016, Plaintiff attempted to serve Defendants via certified, first-class mail at a P.O. Box in Jonestown, Pennsylvania, but the mailings were returned to sender marked "not deliverable as addressed – unable to forward." (Doc. 14-1 at 6-7). On July 28, 2016, Plaintiff then contacted an attorney known to have represented Defendants. (*Id.* at 9-10). The attorney stated that he received service packets for

Defendants, but advised that he "no longer represent[s] Mr. Coe or his defunct company," and that he was not authorized to accept service on behalf of Defendants and did not know where they could be located.  (*Id.*)

On August 3, 2016, Plaintiff contacted the United States Postal Service to determine if Defendants had a forwarding address.  (Doc. 14-1 at 12-13).  The Postal Service informed Plaintiff that Defendants had "moved, [and] left no forwarding address." (*Id.*)  Also on that day, Plaintiff conducted property records searches for Berks, Lancaster, Dauphin, and Lebanon counties, which did not turn up any property owned by Defendant Coe.  (*Id.* at 15-18).  Plaintiff also searched public records for Defendant Coe using Pennsylvania's Unified Judicial System's web docket search function, which did not reveal any civil, criminal, or landlord/tenant litigation for Coe.  (*Id.* at 19-21).

Plaintiff proceeded to hire a private investigator to assist in attempting to serve Defendants.  (Docs.14-1 at 23-27; 14-6 at 1).  On November 7, 2016, the investigator researched Defendants, yielding an alleged address for Coe at Dogwood Lane in Jonestown, Pennsylvania.  (Doc. 14-1 at 23-27).  Plaintiff also conducted an online white pages query, which revealed the same address.  (Doc. 13 at 2-3).  On November 11, 2016, Plaintiff sent the complaint and summons to Defendants via certified, first-class mail at the Dogwood Lane address.  (Doc. 14-1 at 28-31).  The Postal Service attempted to deliver the mail multiple times and left notices for Defendants on several occasions: December 1, 2017; December 8, 2017; and December 9, 2017.  (*Id.*)  Later that month, the mail was returned to Plaintiff as "unclaimed" and "unable to forward."  (*Id.*) During that same period, from November through December of 2016, Plaintiff's private investigator also conducted surveillance at the address.  (Doc. 14-6 at 1-2).  The

investigator took photographs of a Chevy Tahoe near the home bearing a Pennsylvania emergency vehicle (EV) license plate; Defendant Coe in this action is alleged to have operated an Emergency Medical Services company, Dublin EMS.  (Doc. 14-1 at 33); (Doc. 1 at 1-2).  Plaintiff's investigator also took photographs of the mailbox at the address, which appears to bear Defendant Coe's name, as it is marked "J. Coe."  (Doc. 14-1 at 34).

In conjunction with attempting to mail service, Plaintiff's investigator attempted in-person service at the Dogwood Lane address.  (Doc. 14-6 at 1-3).  Plaintiff's investigator avers that he attempted service on five occasions over the course of four months, each on separate days of the week and at different times of day.  (*Id.*)  Plaintiff's investigator avers that he surveilled the address on five days for one-hour blocks of time: Monday, November 7, 2016, from 7:30 p.m. to 8:30 p.m.; Wednesday, November 9, 2016, from 1:00 p.m. to 2:00 p.m.; Friday, January 20, 2017, from 8:10 p.m. to 9:10 p.m.; Saturday, February 18, 2017, from 10:40 a.m. to 11:40 a.m.; and Sunday, February 19, 2017, from 7:51 p.m. to 8:51 p.m.  (Doc. 14-6 at 1-2).  On each occasion, there was no answer when the investigator knocked on the front and back doors of the dwelling, and there was no indication that Defendants were on the premises.  (*Id.*)  Due to these unsuccessful attempts at service, Plaintiff again moves to serve Defendants pursuant to Federal Rule of Civil Procedure 4(e)(1) and Pennsylvania Rule of Civil Procedure 430(a) by publishing a notice in two local newspapers: the Lebanon Daily News and the Patriot News.  (Docs. 13 at 4, 14 at 2-3).

III.        *Discussion*

There is no specific Federal Rule of Civil Procedure that provides for alternative service by publication.  *See United States v. Linares*, No. 16-4463, 2016 WL

7014192, at *1 (E.D. Pa. Nov. 30, 2016); *Shuster v. Conley*, 107 F.R.D. 755, 757 (W.D. Pa. 1985).  However, pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).  Likewise, pursuant to Federal Rule of Civil Procedure 4(h)(1)(A), an unincorporated association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  Thus, pursuant to Federal Rules 4(e)(1) and 4(h)(1)(A), because Plaintiff seeks to serve an individual and unincorporated association, Defendants Coe and Dublin EMS, in Pennsylvania, she may serve Defendants in a permissible manner under state law—here, in accord with the Pennsylvania Rules of Civil Procedure.

Plaintiff seeks to serve by publication pursuant to Pennsylvania Rule of Civil Procedure 430(a).  Pennsylvania Rule 430(a) provides that "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service."  Pa. R. Civ. P. 430(a).[1]  "Rule 430 does not explicitly state the prerequisites for obtaining an order for alternative service."  *Deutsche Bank Nat. Trust Co. v. Marjer, Inc.*, No. CIV.A. 14-2422, 2014 WL 5410203, at *2 (E.D. Pa. Oct. 24, 2014).

However, district courts in Pennsylvania have developed a three-part test for plaintiffs seeking alternative service by publication under Pennsylvania Rule 430(a): (1) a plaintiff must show a good faith effort to locate the defendant; (2) once the defendant is located, a plaintiff must show that she made practical efforts to serve defendant through traditional means under the circumstances; and (3) if plaintiff satisfies steps one and two,

---

[1] The Rule also requires a plaintiff to submit "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."  Pa. R. Civ. P. 430(a).  Here, Plaintiff has submitted such an affidavit.

she must show that the alternative form of service is reasonably calculated to provide the defendant with notice of the proceedings against him.  *See Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006); *Miller v. Native Link Constr., L.L.C.*, No. 15-1605, 2016 WL 247008, at *2-3 (W.D. Pa. Jan. 21, 2016).  Courts in our district appear to apply a slight variation of the practical efforts element, requiring, at minimum, "an unsuccessful attempt to *properly* serve the defendant[.]"  *Countrywide Home Loans, Inc. v. Stringer*, No. 3:CV-07-2072, 2008 WL 3853239, at *2, n.5 (M.D. Pa. Aug. 15, 2008) (emphasis added) (noting that the differing formulations of the three-part test under Rule 430(a) "are analytically indistinguishable" and that "application of either yields the same outcome"); *see also HSBC Bank USA, Nat'l Ass'n v. Williams*, No. 3:CV-06-306, 2007 U.S. Dist. LEXIS 97423, *4-5 (M.D. Pa. Nov. 7, 2007); *Fed. Home Loan Mortg. Corp. v. Stevens*, No. 3:01-1932, 2001 WL 1528530, at *1 (M.D. Pa. Nov. 30, 2001)).

    Here, Plaintiff has undoubtedly satisfied the first element and engaged in good faith efforts to locate Defendants' address.  The Note to Rule 430(a) provides examples of a good faith effort: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search."  Pa. R. Civ. P. 430(a) (citation omitted). "While by no means exhaustive, this Note is at least indicative of the types of procedures contemplated by the legislature when enacting Rule 430."  *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989).  Other efforts may include "calling telephone directory assistance, and hiring private investigators or skip tracer services."

*Deutsche Bank Nat. Trust Co.*, 2014 WL 5410203, at *3 (quoting *Barbosa v. Dana Capital Grp., Inc.*, No. 07–1724, 2009 WL 902339, at *5 (E.D. Pa. Mar. 31, 2009)).

In this case, Plaintiff engaged in numerous good faith efforts and appears to have been able to successfully locate Defendants' address. Plaintiff attempted service at a prior P.O. Box of Defendants, contacted Defendants' former attorney and the Postal Service to locate their whereabouts, and searched online records of public real estate, court records, and the white pages. These attempts were unsuccessful in locating Defendants. Finally, Plaintiff employed a private investigator, whose research yielded an apparent address for Defendants in Jonestown, Pennsylvania. Based on this information, we have little trouble concluding that Plaintiff engaged in good faith efforts and appears to have found a current address for Defendants.

Once the defendant is located, however, a plaintiff must demonstrate that she has made "practical efforts to serve defendant under the circumstances." *Calabro*, 464 F. Supp. 2d at 472. As we indicated in our prior order denying Plaintiff's first motion for service by publication, Pennsylvania Rule 430(a) expressly permits service by publication only where service "cannot be made" under the applicable Pennsylvania Rule of Civil Procedure and where Plaintiff has demonstrated "practical efforts to effectuate service through traditional means." (Doc. 12 at 2-3).

In this case, notably missing from Plaintiff's admittedly exhaustive efforts to effect in-person service on Defendants is an attempt to show that "service cannot be made under the applicable [Pennsylvania Rule of Civil Procedure]." Pa. R. Civ. P. 430(a). In particular, Plaintiff has not complied with the requirement that service at least be attempted by sheriff under Pennsylvania Rule of Civil Procedure 400(a). Pennsylvania

Rule 400(a) requires that, unless service is sought or an action commenced in

Philadelphia County, Pa. R. Civ. P. 400.1, or unless another exception applies, "original

process *shall* be served within the Commonwealth *only by the sheriff*."  Pa. R. Civ. P.

400(a) (emphasis added).  Here, it does not appear that any exceptions to this rule apply.[2]

Admittedly, Plaintiff has attempted service numerous times.  She delivered

service via first-class, certified mail at Defendants' apparent address, and Defendants

apparently did not accept service despite three notices left by the Postal Service.  (Doc.

14-1 at 28-31)  Plaintiff's private investigator also surveilled Defendants' apparent address

and attempted service for one-hour blocks of time on five occasions four months,

each on separate days of the week and at different times of day.  Regrettably, although

this in-person service attempt, if successful, may comply with methods of service under

several subsections to Federal Rule of Civil Procedure 4, *see, e.g.*, Fed. R. Civ. P. 4(c)(2),

those Rules are inapplicable here, where Plaintiff now seeks alternative means of service

under Pennsylvania Rule 430(a), pursuant to Federal Rule 4(e)(1).

"For service to be effective" under Federal Rule 4(e)(1), "it must comport

entirely with applicable state service procedures; a party cannot pick and [choose]

individual provisions from the [F]ederal and Pennsylvania [R]ules to manufacture proper

service." *Infantino v. W. Wyoming Borough*, No. CIV.A. 3:12-2539, 2013 WL 1345628, at

*3 (M.D. Pa. Apr. 2, 2013).  "Federal Rule 4(e)(1) requires that service must be proper

under the applicable state law," and Pennsylvania Rule 400(a) specifically requires that,

except in limited circumstances, "original process shall be served within the

---

[2] For example, service by sheriff is not necessary in declaratory judgment actions, partition actions, civil actions where injunctive relief, perpetuation of testimony, or appointment of a receiver is sought, domestic relations matters, or in actions where the sheriff is a party.  Pa. R. Civ. P. 400(a)-(c); Pa. R. Civ. P. 1930.4.  None of these exceptions are applicable to this case.

Commonwealth only by the sheriff." *Id.* (quoting Pa. R. Civ. P. 400) ("[Plaintiff's] attempt at service fails under Pennsylvania law because it was not made by a sheriff.").

Moreover, the Note to Rule 430(a) highlights the requirement that service be attempted by sheriff before requesting alternative service by publication, stating that "[a] sheriff's return of 'not found' or the fact that a defendant has moved without leaving a new forwarding address is insufficient evidence of concealment." Pa. R. Civ. P. 400(a).  In fact, in applying Federal Rule 4(e)(1), several other district courts have not permitted service by publication under Pennsylvania Rule 430(a) where a plaintiff failed to comply with Pennsylvania Rule 400(a)'s requirements to attempt service by sheriff.[3]  These findings are consistent with our requirement that, in demonstrating sufficient practical efforts to serve a defendant under the circumstances, a plaintiff must at least show "an unsuccessful attempt to *properly* serve the defendant[.]"  *Countrywide Home Loans, Inc.*, 2008 WL 3853239, at *2 (emphasis added).  Accordingly, we find that Plaintiff has not demonstrated sufficient practical efforts to serve Defendants because she has not shown an unsuccessful attempt to properly serve Defendants by sheriff in accordance with Pennsylvania Rule 400(a), which is a prerequisite to serve by publication under Pennsylvania Rule 430(a).

---

[3] *See HSBC Bank United States, N.A.*, 2007 U.S. Dist. LEXIS 97423, at *5-7 ("A prerequisite for a special order of service under Rule 430(a) is an unsuccessful attempt to effectuate service under the applicable rule. . . .   Here, Plaintiff employed a private process server to serve the summons and complaint upon Ms. Williams. This action, however, was not commenced in Philadelphia County, and Ms. Williams's last known Pennsylvania addresses are in Monroe County.  As such, service upon Ms. Williams could be effected only by the sheriff, and HSBC's use of a private process server renders the attempted service invalid."); *Tsyganskiy v. Beatty*, No. CIV. A. 97-7249, 1998 WL 88347, at *2 (E.D. Pa. Mar. 2, 1998) ("Where process is served outside Philadelphia County 'by a private process server, not the sheriff,' and where the plaintiff failed to forward the process to the sheriff of the appropriate county, service is invalid.  It appears that the plaintiff used a private process server; moreover, the petition does not reflect that the process was forwarded to the sheriff of Montgomery County. Thus, the plaintiff's petition must be denied." (citation omitted)); *see also Infantino*, 2013 WL 1345628, at *3.

This court is acutely aware of the difficulties that Plaintiff has experienced in serving Defendants in the nine months since filing her complaint.  We recognize that Plaintiff has requested, and we have granted, three forty-five day extensions of time for her to serve Defendants.  (Docs. 4-8, 12).  Over this time, Plaintiff has achieved significant progress in attempting to serve Defendants; through her investigator, she has located Defendants' apparent address and has gathered significant proof that Defendant Coe occupies the premises, such as a mailbox at the address bearing Coe's name and an emergency vehicle that may belong to Coe or Dublin EMS.  We are cognizant that, other than her failure to comply with Pennsylvania Rule 400(a) to serve by sheriff, Plaintiff has shown tremendous efforts to serve Defendants on numerous occasions.  These attempts, although not necessarily determinative, are significant in showing her practical efforts to achieve service should she file another motion to serve by publication.  *See Banegas v. Hampton*, No. 08–5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) ("The number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical, but it is certainly probative."); *Premium Payment Plan v. Shannon Cab Co.*, No. 04–4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug.13, 2007) (concluding that "repeated attempts to serve the defendant's officer, including a stake-out" satisfy the "practical efforts to serve" prong when the defendant's officer continues to avoid service).  Nonetheless, these attempts did not comply with Pennsylvania Rule 400(a)'s requirement to serve by sheriff, which is a prerequisite to service by publication under Pennsylvania Rule 430(a) in this action.

"Service of process is not a mere technicality."  *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006).  "Rather, constitutional due process requires that

service of process be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  As courts in Pennsylvania have noted, "[s]ervice of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, rules concerning service of process *must be strictly followed.*" *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917-18 (Pa.1997) (emphasis added) (citing *Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.*, 221 A.2d 185 (1966)).  Without valid service, courts lack jurisdiction and are powerless to enter judgment against a defendant.  *See id.*; *see also Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 484, 486 (3d Cir. 1993).  Moreover, alternative methods of service under Pennsylvania Rule 430(a) are considered an "option of last resort." *Johnson v. Jackson*, No. Civ. A. 03-5737, 2004 WL 73729, at *1 (E.D. Pa. Jan. 6, 2004).   "Service by special order is an extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted." *Countrywide Home Loans, Inc.*, 2008 WL 3853239, at *2.

Here, because Plaintiff has not shown an unsuccessful attempt to properly serve Defendants by sheriff in accord with Pennsylvania Rule 400(a), and because district courts in Pennsylvania have repeatedly emphasized that "[a]lternative service [under Rule 430(a)] is only appropriate when service 'cannot be made' under the applicable Rule, and only as a last resort," *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004) (quoting Pa. R. Civ. P. 430(a)), we are constrained to deny Plaintiff's motion for service by publication. However, given Plaintiff's faithful efforts to serve Defendants, we find good cause to grant

Plaintiff an additional forty-five day extension of time to serve Defendants.  *See* Fed. R. Civ. P. 4(m); *Sanders-Darigo v. CareersUSA*, 847 F. Supp. 2d 778, 784 (E.D. Pa. 2012).

*IV.        Conclusion*

Because Plaintiff has not yet shown sufficient practical efforts to serve by sheriff under Pennsylvania Rule 400(a) in order to permit service by publication under Pennsylvania Rule 430(a) and Federal Rule 4(e)(1), we will deny her renewed motion for alternative service by publication.  Pursuant to Federal Rule of Civil Procedure 4(m), we will grant an additional forty-five (45) days for Plaintiff to effect service.  We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge